This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38360**

**FRANKIE ROGERS,**

Petitioner-Appellant,

v.

**MARY CROSIER,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

Frankie Rogers
El Paso, TX

Pro Se Appellant

Ramon Hernandez
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Petitioner, a self-represented litigant, appeals a custody determination of the district court, contending that New Mexico does not have jurisdiction over the custody proceedings. In this Court's notice of proposed disposition, we proposed to summarily affirm. Petitioner filed a memorandum in opposition (MIO), a motion to amend the docketing statement, and a motion for expedited decision, all of which we have duly considered. Having considered Defendant's filings, we deny the motion to amend the docketing statement as non-viable, and affirm. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable). Additionally, we deny Defendant's motion for expedited decision as moot.

**{2}**     In his memorandum in opposition, Petitioner maintains that Respondent engaged in unjustifiable conduct in bringing the child to New Mexico, and thus the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), NMSA 1978, §§ 40-10a-101 to -403 (2001), prohibits New Mexico from taking jurisdiction over the case and that the district court committed several errors that deprived him of his rights. Petitioner, however, has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer him to our analysis therein.

**{3}**     To the extent that Petitioner contends that the record reflects that a Texas court orally stated that "just because the child lives in New Mexico, doesn't necessarily mean the child should live in New Mexico[,]" oral pronouncements do not reflect the ruling of any court. [MIO 5] *Cf. In re Adoption Petition of Rebecca M.*, 2008-NMCA-038, ¶ 9, 143 N.M. 554, 178 P.3d 839 (noting that the Supreme Court "has repeatedly held that the oral comments of a judge are not binding and that only a written judgment reflects the court's decision").

**{4}**     Additionally, to the extent Petitioner seeks to amend his docketing statement to argue that he was not served with opposing counsel's notice of appearance, responses to Petitioner's motions, or Respondent's motion to modify time sharing, any such claim fails because Petitioner has not demonstrated that any prejudice was suffered as a result. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."); *see also State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation). Thus, we deem this issue non-viable and deny Defendant's motion to amend. *See Moore*, 1989-NMCA-073, ¶ 42.

**{5}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**